UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SECUNDINO CASTANEDA** | **CIVIL ACTION** |
| **versus** | **NO. 10-1231** |
| **JAMES LEBLANC, SECRETARY OF DOC, ET AL.** | **SECTION: "I" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the respondent's motion for summary judgment be **GRANTED** and that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Secundino Castenada, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. The record reflects that he was convicted in state court

of armed robbery. After serving a portion of the resulting sentence, he was released in 1995 "as if on parole" pursuant to La.Rev.Stat.Ann. § 15:571.5. However, he was subsequently convicted of a felony drug offense in federal court, and his state parole was revoked. He is currently in state custody serving the remainder of his sentence on the armed robbery conviction.

On August 23, 2007, petitioner filed a federal *habeas corpus* petition arguing that his state parole was wrongly revoked and, as a result, he was being wrongfully imprisoned by state authorities. On March 26, 2008, United States District Judge Lance M. Africk dismissed that petition without prejudice based on petitioner's failure to exhaust his state court remedies.[1]

In the interim, petitioner also submitted to prison authorities an administrative grievance challenging his continued incarceration. After that grievance was denied, he filed a petition for judicial review with the Louisiana Nineteenth Judicial District Court. On March 10, 2009, the state district court affirmed the administrative decision and dismissed the petition with prejudice.[2] Petitioner then sought review of that judgment by filing an application for supervisory writs with the Louisiana First Circuit Court of Appeal. That writ application was denied on April 27, 2009.[3] He did not seek review of that judgment in the Louisiana Supreme Court.

On April 25, 2010, petitioner filed the instant federal application, again arguing that his state parole was wrongly revoked and, as a result, he is wrongfully imprisoned by the state

---

[1] Castaneda v. Stalder, Civ. Action No. 07-5425, 2008 WL 821956 (E.D. La. Mar. 26, 2008).

[2] Judgment dated March 10, 2009; Rec. Doc. 8, Exhibit 3.

[3] Castaneda v. Louisiana State Department of Safety and Corrections, No. 2009 CW 0551 (La. App. 1st Cir. Apr. 27, 2009) (unpublished); Rec. Doc. 8, Exhibit 3.

authorities.[4] The state has filed a motion for summary judgment, arguing that petitioner still has not exhausted his state court remedies.[5] Petitioner has opposed that motion.[6]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. The United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).

In his opposition to the state's motion, petitioner does not dispute the state's contention that he has failed to present his instant claims to the state's highest court, the Louisiana Supreme Court. Moreover, this Court contacted the Clerk of Court of the Louisiana Supreme Court by telephone on July 13, 2010, and confirmed that petitioner has filed no writ applications in that court challenging the revocation of his parole or the validity of his present incarceration.[7]

---

[4] Rec. Doc. 5.

[5] Rec. Doc. 8.

[6] Rec. Doc. 11.

[7] The Clerk stated that petitioner's last filing in that court was his writ application in case number 91-K-1726 which was filed in 1991.

Although not disputing the lack of exhaustion, petitioner appears to argue that exhaustion was not required in his case because it would have been an exercise in futility. The United States Fifth Circuit Court of Appeals has held:

> Of course, exhaustion is not required if it would be plainly futile. An exception to the exhaustion requirement is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.

Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996) (quotation marks and brackets omitted); see also 28 U.S.C. § 2254(b)(1)(B); Morris v. Dretke, 379 F.3d 199, 205 (5th Cir. 2004).

In the instant case, it is clear that the futility exception does not apply. Petitioner had an opportunity to obtain redress in state court, in that he could have pursued his claims in the Louisiana Supreme Court. Boston v. Anderson, Civ. Action No. 09-1654, 2010 WL 1251646, at *3 & n.3 (W.D. La. Feb. 11, 2010) (Hayes, M.J.), adopted, 2010 WL 1177315 (W.D. La. Mar. 24, 2010) (James, J.); Bailey v. Hubert, Civ. Action No. 05-4972, 2007 WL 1805065, at *2 and *6 (E.D. La. June 19, 2007); see also La. Const. art. 5, § 5; La.C.Civ.P. art. 2201; La.C.Cr.P. art. 922. He simply chose not to do so. Further, he has not shown that the Louisiana Supreme Court's corrective process was so clearly deficient as to render futile any effort to obtain relief from that court. Rather, he relies on only his subjective belief that he would not have been granted relief by the Louisiana Supreme Court. It is clear that such a belief does not relieve a petitioner from his obligation to comply with the federal exhaustion requirement. See, e.g., Engle v. Isaac, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the

claim."); Beazley v. Johnson, 242 F.3d 248, 269 (5th Cir. 2001) ("Needless to say, the likelihood of failure of a claim in state court is *no* excuse for *not* presenting it there."). Simply put, petitioner has made no showing whatsoever that it would have been futile to seek relief in the Louisiana Supreme Court.

Petitioner clearly has not presented his instant claims to the state's highest court and thereby given that court a "fair opportunity" to pass upon those claims. Therefore, the instant petition should be dismissed due to his failure to exhaust his state court remedies.[8]

---

[8] The Court notes that petitioner filed his *habeas corpus* application pursuant to 28 U.S.C. § 2254. Out of an abundance of caution, the Court further notes that there is conflicting jurisprudence as to whether claims challenging parole revocations are properly brought under § 2254. State prisoners may, depending on the particular circumstances, bring federal *habeas* claims under either 28 U.S.C. §§ 2241 or 2254. Pursuant to § 2241, prisoners may bring in federal district court claims that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(2). Section 2254 provides authority for district courts to entertain *habeas* claims brought by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The weight of authority suggests that federal *habeas* petitions challenging parole revocations are properly brought under § 2254. See, e.g., Williams v. Quarterman, 307 Fed. App'x 790 (5th Cir. 2009); Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004); Morrison v. Johnson, 106 F.3d 127 (5th Cir. 1997); Newby v. Johnson, 81 F.3d 567 (5th Cir. 1996); Davis v. Conn, No. 3-07-CV-1141-N, 2007 WL 2428935, at *2 (N.D. Tex. Aug. 27, 2007); Hardemon v. Quarterman, No. 3:06-CV-1630-N ECF, 2006 WL 3372525 (N.D. Tex. Nov. 17, 2006); Hardemon v. Board of Pardon and Paroles, No. 3-06-CV-478-B, 2006 WL 2504002, at *3 (N.D. Tex. Aug. 28, 2006); Daniel v. Cockrell, No. Civ. A. 402CV852Y, 2003 WL 292129 (N.D. Tex. Feb. 4, 2003); Hamilton v. Cockrell, No. Civ. A. 3:02-CV-1685-L, 2002 WL 31415978 (N.D. Tex. Oct. 17, 2002). However, there is other jurisprudence which holds that such challenges more properly fall within § 2241. See, e.g., Moore v. Hargett, No. 94-60844, 1995 WL 450256 (5th Cir. July 7, 1995); Scott v. Travis, Civ. Action No. 07-4150, 2008 WL 161716, at *1 (E.D. La. Jan. 11, 2008); Bernard v. Hunter, Civ. Action No. 04-3491, 2006 WL 2506140, at * 2 (E.D. La. Aug. 29, 2006); Batiste v. State of Louisiana Board of Pardon and Parole, Civ. Action No. 98-2543, 1999 WL 102027 (E.D. La. Feb. 25, 1999).

Nevertheless, the Court need not try to resolve that apparent conflict in this proceeding. Even if the instant petition were construed as a § 2241 petition, the result here would be the same. The United States Fifth Circuit Court of Appeals has held that jurisprudence clearly imposes a similar exhaustion requirement on persons bringing claims under § 2241. Dickerson v. Louisiana,

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the motion for summary judgment be **GRANTED** and that the petition for federal *habeas corpus* relief filed by Secundino Castaneda be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this nineteenth day of July, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.